IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 12 2012

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 4:12CR 201<br>Judge CM One |
| DAVID E. DORMAN (1)<br>JOHN CHRISTIE (2) | § § § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

**Introduction**

1. At all times material to this indictment, **David E. Dorman**, defendant, was the mayor of the City of Melissa, Texas, in the Eastern District of Texas.

2. At all times material to this indictment, **John Christie**, defendant, was a real estate broker.

3. In or about late 2006 or early 2007, **Christie** identified 33.487 acres of land located at the intersection of State Highway 121 and State Highway 5 known as the Andrew Thomas Survey, Abstract No. 894 and identified a potential buyer for the land.

4. In or about late 2006 or early 2007, **Christie** met with City of Melissa officials to discuss the addition of water and sewer utilities to the land. At this meeting, **Dorman** told **Christie** that the land was actually located in the City of McKinney, Texas, that the price for the City of McKinney to add water and sewer utilities to the land would be prohibitive, and that in exchange for a personal payment of approximately $70,000 from **Christie** to **Dorman**, **Dorman** would support

Case 4:12-cr-00201-MAC-ALM Document 1 Filed 09/12/12 Page 2 of 7 PageID #: 2

the annexation of land by the City of Melissa, including the installation of water and sewer lines. **Christie** agreed to make the payment to **Dorman**.

5. On or about March 30, 2007, **Dorman** wrote a letter to the city attorney for the City of McKinney, Texas, with a conceptual plan regarding the City of Melissa's requested annexation and development of the land. The council for the City of Melissa rejected the conceptual plan.

6. On or about April 27, 2007, **Dorman** wrote a second letter to the City of McKinney in which he requested that the City of McKinney amend the jurisdictional boundaries between the Cities of McKinney and Melissa to permit the land to be annexed into the City of Melissa, and agreed that the City of Melissa would provide water and sewer lines to the land.

7. On or about May 1, 2007, the Council for the City of McKinney approved the amendment to the jurisdictional boundaries between the Cities of McKinney and Melissa in accordance with **Dorman's** request.

8. On or about May 8, 2007, the Council for the City of Melissa approved the amendment to the jurisdictional boundaries between the Cities of McKinney and Melissa in accordance with **Dorman's** request.

9. Between on or about May 8, 2007, and September 6, 2007, in exchange for **Dorman's** acts, **Christie** provided a cash payment of approximately $10,000 to **Dorman**, which was delivered by an individual known as DA in a Crown Royale bag to **Dorman's** house in Melissa, Texas.

10. On or about September 6, 2007, in McKinney, Texas, in the Eastern District of Texas, in exchange for **Dorman's** acts, **Christie** provided check number 354 in the amount of $10,000,

DORMAN, et al. - INDICTMENT
Page 2 of 6

made payable to "David E. Dorman," to **Dorman**; **Dorman** deposited the check into his account at First National Bank of Trenton.

11. On or about September 19, 2007, in McKinney, Texas, in the Eastern District of Texas, in exchange for **Dorman's** acts, **Christie** provided check number 357 in the amount of $10,000, made payable to "David E. Dorman," to **Dorman**; **Dorman** deposited $7,000 of this check into his account at First National Bank of Trenton and withdrew $3,000 in cash.

### Count One

> Violation: 18 U.S.C. § 1951
> (Extortion Under Color of Official Right)

12. As set forth in paragraphs one through eleven of this indictment, between in or about 2006 and on or about September 19, 2007, in the Eastern District of Texas, **Dorman** did knowingly affect and attempt to affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in 18 U.S.C. § 1951; that is, **Dorman** obtained property not due **Dorman** or his office, from **Christie**, with **Christie's** consent, under color of official right.

In violation of 18 U.S.C. § 1951.

### Count Two

> Violation: 18 U.S.C. § 4
> (Misprision of a Felony)

13. The Grand Jury realleges paragraphs one through twelve of the indictment and further states that between in or about 2006 and on or about September 19, 2007, in the Eastern

District of Texas, **Christie**, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, extortion under color of official right in violation of 18 U.S.C. § 1951 as charged in Count One of the indictment, did conceal the same by providing to **Dorman** two checks, each in the amount of $10,000 and misrepresented to be payment for consulting services, and a cash payment of $10,000, all of which was designed to conceal the nature of the payments, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

      In violation of 18 U.S.C. § 4.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461

As the result of committing a violation of 18 U.S.C. § 1951 as stated in this Indictment, **Dorman** shall forfeit to the United States all property, real or personal, that constitutes or is derived from proceeds traceable to the aforementioned violations, including but not limited to the following:

### Cash Proceeds

$30,000 in proceeds in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this Indictment.

### Substitute Assets

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(a)(4), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offense alleged in this Indictment, any and all interest **Dorman** has in the above-described property is vested in and forfeited to the United States.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____         ___9/12/12_____
SHAMOIL T. SHIPCHANDLER                  Date
Assistant United States Attorney
Texas Bar No. 24028533
101 East Park Boulevard, Suite 500
Plano, TX 75074
tel: (972) 509-1201
fax: (972) 509-1209
email: shamoil.shipchandler@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 4:12CR |
| | § | Judge |
| DAVID E. DORMAN (1) | § | |
| JOHN CHRISTIE (2) | § | |

## NOTICE OF PENALTY

### Count One

Violations: 18 U.S.C. § 1951

Penalty: Not more than twenty years imprisonment, a fine not to exceed $250,000, or not more than the greater of twice the gross gain to the defendant or twice the gross loss to one other than the defendant, or both; supervised release of not more than three years.

Special
Assessment: $100.00

### Count Two

Violations: 18 U.S.C. § 4

Penalty: Not more than three years imprisonment, a fine not to exceed $250,000, or not more than the greater of twice the gross gain to the defendant or twice the gross loss to one other than the defendant, or both; supervised release of not more than one year.

Special
Assessment: $100.00