1          IN THE UNITED STATES DISTRICT COURT

2          FOR THE EASTERN DISTRICT OF TEXAS

3                  SHERMAN DIVISION

4
   UNITED STATES OF AMERICA      )
5                                )
   VS.                           )   Criminal No. 4:12CR201
6                                )
   JOHN CHRISTIE                 )
7

8                    SENTENCING

9        BEFORE THE HONORABLE MARCIA A. CRONE

10          UNITED STATES DISTRICT JUDGE

11                  JUNE 28, 2013

12
   APPEARANCES:
13 FOR THE GOVERNMENT:        Mr. Shamoil Shipchandler
                              Assistant United States Attorney
14                            101 East Park Boulevard
                              Suite 500
15                            Plano, Texas 75074
                              (972)509-1201
16
   FOR THE DEFENDANT:         Mr. Harold R. Hagen
17                            Jackson & Hagen
                              100 W. Oak Street
18                            Suite 302
                              Denton, Texas 76201-4164
19                            (940)566-1001

20 COURT REPORTER:           Ms. Lori Barnett
                              P.O. Box 1993
21                            Van Alstyne, Texas 75495
                              (903)712-2273
22

23 Proceedings recorded by mechanical stenography, transcript

24 produced by CAT.

25

1        P R O C E E D I N G S

2              THE COURT:  Cause number 4:12cr201, defendant two,

3        United States of America vs. John Christie.

4              All right.  You want to note your appearances?

5              MR. SHIPCHANDLER:  Shamoil Shipchandler for the

6        United States, ready to proceed.

7              MR. HAGEN:  Judge, I'm Rick Hagen for the defense,

8        and we're ready to proceed as well.

9              THE COURT:  All right.  Have counsel and defendant

10       read and discussed the presentence report, including any

11       revisions?

12             MR. HAGEN:  Your Honor, I'm having trouble hearing

13       you.

14             THE COURT:  Have counsel and defendant read and

15       discussed the presentence report, including any

16       revisions?

17             MR. HAGEN:  Yes, ma'am, we have.

18             THE COURT:  Has counsel fully explained the report

19       to the defendant?

20             MR. HAGEN:  Yes, ma'am.

21             THE COURT:  And Mr. Christie, do you fully

22       understand the presentence report?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  Does counsel or defendant wish to make

25       any comments, additions or corrections to the report?

```
 1              MR. HAGEN:  Beg your pardon?

 2              THE COURT:  Does counsel or defendant wish to make

 3    any comments, additions or corrections to the report?

 4              MR. HAGEN:  No, ma'am.

 5              THE COURT:  And Mr. Christie, does the report

 6    adequately cover your background?

 7              THE DEFENDANT:  Yes, ma'am.

 8              THE COURT:  Has the government read the report and

 9    does it wish to make any comments, additions or

10    corrections?

11              MR. SHIPCHANDLER:  Your Honor, the government has

12    reviewed the report and the government is satisfied.

13              THE COURT:  And I believe no objections were

14    filed; is that correct?

15              MR. HAGEN:  That's correct.  Yes, ma'am.

16              THE COURT:  To the extent I haven't previously

17    accepted the plea agreement, it is now accepted.

18              The Court finds that the information contained in

19    the presentence report has sufficient indicia of

20    reliability to support its probable accuracy.  The Court

21    adopts the factual findings, undisputed facts and

22    guideline applicat1ions in the presentence report.  Based

23    upon a preponderance of the evidence presented and the

24    facts in the report, while viewing the sentencing

25    guidelines as advisory, the Court concludes the total
```

1     offense level is nine, criminal history level is one,

2     which provides for an advisory guideline range of four to

3     10 months.

4          Does defendant's counsel wish to make any remarks

5     on behalf of the defendant?

6          MR. HAGEN: Yes, ma'am. I do.

7          Judge, Mr. Christie was absolutely wrong in what

8     he did. He's been humiliated by his own conduct, and the

9     circumstances surrounding this offense are that he was

10    extorted by an elected official. And rather than report

11    that to authorities, he went along with the extortion to

12    see that a project that he had in the works continue.

13        He made three payments to the elected official,

14    then Mr. Christie stopped payment. When authorities

15    confronted Mr. Christie, he fully and completely

16    cooperated even before he had counsel. Since he's

17    retained counsel he's continued to cooperate and will do

18    anything necessary to provide information to see that the

19    government has whatever they need in their efforts to

20    curb any future offenses that may -- or additional

21    offenses that may have occurred.

22        Mr. Christie has never been arrested. He's been

23    married for 30 years, been in business for 40. And his

24    integrity has never been questioned. But he absolutely

25    made a mistake and he's going to ask for your

1    forgiveness.

2         THE COURT:  All right.  Does the defendant wish to

3    make a statement?

4         THE DEFENDANT:  Yes, Your Honor.

5         I was wrong, I should have reported this incident

6    the minute it occurred.  I'm humbled and I apologize for

7    that.  I would like to apologize to my family, to you,

8    Your Honor, the United States and to say that I was

9    wrong.

10        THE COURT:  Does the government wish to make any

11   remarks?

12        MR. SHIPCHANDLER:  Thank you, Your Honor.

13        The government agrees that Mr. Christie has been

14   cooperative ever since he was confronted with the details

15   of the offense, and has provided information to the

16   government.  We would defer to the Court in fashioning an

17   appropriate sentence.  Thank you.

18        THE COURT:  Does counsel know of any reason why

19   sentence should not be imposed at this time?

20        MR. SHIPCHANDLER:  Not from the government, Your

21   Honor.

22        MR. HAGEN:  No, ma'am.

23        THE COURT:  Pursuant to the Sentencing Reform Act

24   of 1984, and having considered the factors noted in 18

25   U.S.C. Section 3553(a), and having consulted the advisory

1   sentencing guidelines, it is the judgment of the Court

2   that the defendant, John Christie, is hereby committed to

3   the custody of the Bureau of Prisons to be imprisoned for

4   six months on Count 2 of the indictment.

5       It is further ordered that the defendant shall pay

6   the United States a fine of $5,000, which is due and

7   payable immediately.  Any amount that remains unpaid when

8   the defendant's supervision commences, is to be paid on a

9   monthly basis at a rate of at least 10 percent of the

10  defendant's gross income, to be changed during

11  supervision if needed based on the defendant's changed

12  circumstances, pursuant to 18, U.S.C. Section 3572(d)3.

13      Additionally, at least 50 percent of receipts

14  received from income tax returns, inheritances,

15  nonrecurring bonuses, lawsuit awards, and any receipt of

16  money, to include, but not limited to gambling proceeds,

17  lottery winnings and found money, must be paid to the

18  unpaid fine balance within five days of receipt.

19      It is ordered the defendant shall pay the United

20  States a special assessment of $100 which is due and

21  payable immediately.

22      Any and all financial penalties shall be made

23  payable by cashier's check or money order, made out to

24  the United States District Court and forwarded to the

25  Fine and Restitution Section, U.S. Courts, 1910 East

1    Southeast Loop 323, number 287, Tyler, Texas 75701.

2    Upon release from imprisonment, the defendant

3    shall be on supervised release for a term of one year.

4    Within 72 hours of release from the custody of the Bureau

5    of Prisons the defendant shall report in person to the

6    probation office in the district to which the defendant

7    is released.

8    While on supervised release the defendant shall

9    not commit another federal, state or local crime, shall

10    comply with the standard conditions that have been

11    adopted by the Court, and shall comply with the following

12    additional conditions:

13    The defendant shall not possess a firearm,

14    ammunition, destructive device or any other dangerous

15    weapon.

16    The defendant shall pay any financial penalty

17    imposed by this judgment.

18    The defendant shall provide the probation officer

19    with access to any requested financial information for

20    purposes of monitoring the defendant's employment.

21    The defendant shall not incur any credit charges

22    or open any additional lines of credit without the

23    approval of the probation officer, unless payment of any

24    financial obligation ordered by the Court has been paid

25    in full.

1          The defendant shall not participate in any form of

2     gambling unless payment of any financial obligation

3     ordered by the Court has been paid in full.

4          The Court finds that there's a low risk of

5     substance abuse by the defendant, and suspends the

6     requirement that he submit to mandatory drug testing.

7          The defendant shall cooperate in the collection of

8     DNA as directed by the probation officer.

9          The defendant shall forfeit his real estate sales

10    person and corporate broker license.  And he needs to do

11    that to remain on pretrial release.  So he needs to do it

12    now.

13          MR. HAGEN:  Beg your pardon?

14          THE COURT:  It is a condition of his pretrial

15    release, as well as supervised release.

16          MR. HAGEN:  Yes, ma'am.

17          THE COURT:  So it needs to be done immediately if

18    he wants to remain on pretrial release.

19          MR. HAGEN:  Yes, ma'am.

20          THE COURT:  All right.  Like today, if you have

21    those documents.

22          MR. HAGEN:  Okay.  And Judge, I really had a hard

23    time hearing you.  I apologize.  Which documents do you

24    need?

25          THE COURT:  His sales person -- real estate sales

1    person license and his broker's license.

2            MR. HAGEN:  We do not have those on us today, but

3    we're not far from the office.  We can probably get that

4    done today.

5            THE COURT:  Okay.  He can't be released until that

6    is done.

7            MR. HAGEN:  Beg your pardon?

8            THE COURT:  He cannot be released until those show

9    up.  That's a condition of continuing on bond.

10            MR. HAGEN:  Yes, ma'am.  Are we allowed to go to

11    his office and get it and come back?

12            THE COURT:  Not with him.

13            MR. HAGEN:  Okay.

14            THE COURT:  He stays here until we have it.

15            MR. HAGEN:  Yes, ma'am.

16            THE COURT:  All right.  Okay.  The Court finds

17    this to be a reasonable sentence in view of the nature

18    and circumstances of the offense entailing the

19    defendant's misprision of a felony.  His agreeing to pay

20    the mayor of the City of Melissa $70,000 for his support

21    in obtaining the annexation of a parcel of land by the

22    city from a neighboring jurisdiction knowing that it was

23    unlawful for the mayor to secure the illicit payment and

24    his actually paying the mayor $30,000 in furtherance of

25    the plan while concealing the nature of the scheme.  It

1    will serve as just punishment, promote respect for the

2    law, and deter future violations of the law.

3           You have a right to appeal the conviction if you

4    believe that the guilty plea was somehow unlawful or

5    involuntary, or if there was some other fundamental

6    defect in the proceedings that were not waived by your

7    guilty plea.

8           You have a statutory right to appeal your sentence

9    under certain circumstances, particularly if you feel

10   this sentence is contrary to law.  The defendant,

11   however, may waive those rights as part of the plea

12   agreement, and you have entered into a plea agreement

13   which waives certain rights to appeal your conviction and

14   sentence.  With the exception of the reservation of right

15   to appeal on specified grounds set forth in the plea

16   agreement, you've waived any appeal, including collateral

17   appeal, of any error which may have occurred surrounding

18   the substance, procedure, or form of the conviction and

19   sentence in this case.  Such waivers are generally

20   enforceable, but if you believe the waiver is

21   unenforceable, you can present that theory to the

22   appellate court.  With few exceptions, any notice of

23   appeal must be filed within 14 days of judgment being

24   entered in your case.

25          If you are unable to pay the cost of an appeal,

1    you may apply for leave to file informa pauperis.  If you

2    so request, the clerk of the court will prepare and file

3    a notice of appeal on your behalf.

4         The presentence report is made part of the record

5    and is placed under seal, except counsel for the

6    government and defense may have access to it for purposes

7    of appeal.  Are there any other counts?

8         MR. SHIPCHANDLER:  No, ma'am.

9         THE COURT:  All right.  Well, you will continue on

10   bond as soon as he provides these documents, on the same

11   conditions of release as before.  And then he needs to

12   surrender to the facility by August 12th at 2:00 p.m. if

13   the facility has been designated.  If not, to the

14   Marshals here in Sherman.  And is there a particular

15   facility you wish to request?

16        MR. HAGEN:  Yes, ma'am.  Bastrop or Fort Worth.

17        THE COURT:  All right.  My experience is the Fort

18   Worth facility is going to be full, too.  Bastrop may

19   also be full.

20        MR. HAGEN:  Bastrop or Texarkana.

21        THE COURT:  I'll recommend Bastrop.

22        MR. HAGEN:  Yes, ma'am.

23        THE COURT:  And again, I don't recommend a

24   particular custody classification, that is up to the BOP.

25        MR. HAGEN:  Yes, ma'am.

1          THE COURT:  All right.  If there's nothing

2     further, then you're excused.  Except he's unexcused.

3     You're excused to go get those documents.

4          MR. HAGEN:  Yes, ma'am.

5          THE COURT:  All right.

6          MR. SHIPCHANDLER:  Thank you, Your Honor.

7          THE COURT:  All right.

8               (End of proceedings)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1   I certify that the foregoing is a correct transcript from the

 2   record of proceedings in the above-entitled matter.

 3

 4   /s/ Lori Barnett                    7/13/13
     COURT REPORTER                      DATE
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```